# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
NICK KOROPATNY,                    *
                                   *    No. 17-1240V
            Petitioner,            *    Special Master Christian J. Moran
                                   *
v.                                 *    Filed: August 31, 2022
                                   *
SECRETARY OF HEALTH                *    Attorneys' Fees and Costs
AND HUMAN SERVICES,                *
                                   *
            Respondent.            *
* * * * * * * * * * * * * * * * * * * **
```

<u>Leah V. Durant</u>, Law Offices of Leah V. Durant, PLLC, Washington, DC, for
Petitioner;
<u>Lara A. Englund</u>, United States Dep't of Justice, Washington, DC, for Respondent.

### <u>UNPUBLISHED DECISION AWARDING</u><br><u>ATTORNEYS' FEES AND COSTS</u>[1]

Pending before the Court is petitioner Nick Koropatny's motion for final
attorneys' fees and costs. He is awarded **$87,337.98**.

\*     \*     \*

On September 12, 2017, petitioner filed for compensation under the Nation
Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34.

---

[1] Because this published decision contains a reasoned explanation for the action in this
case, the undersigned is required to post it on the United States Court of Federal Claims' website
in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal
Management and Promotion of Electronic Government Services). This posting means the
decision will be available to anyone with access to the internet. In accordance with Vaccine Rule
18(b), the parties have 14 days to identify and move to redact medical or other information, the
disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the
undersigned agrees that the identified material fits within this definition, the undersigned will
redact such material from public access.

Petitioner alleged that the influenza and tetanus-diphtheria-acellular pertussis vaccines he received on or about October 26, 2016, caused him to suffer a shoulder injury related to vaccine administration. On June 29, 2021, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on the same day. 2021 WL 2965441 (Fed. Cl. Spec. Mstr. Jun. 29, 2021).

On December 27, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $82,556.30 and attorneys' costs of $8,877.94 for a total request of $91,434.24. Fees App. at 1. Pursuant to General Order No. 9, petitioner warrants that he has personally incurred costs totaling $31.55 related to the prosecution of his case. Id. On December 29, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner filed a reply on December 30, 2021, reiterating his belief that the requested fees and costs are reasonable.

*     *     *

In this case, because petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. at 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).

 Petitioner requests the following hourly rates for the work of his counsel: for Ms. Leah Durant, $350.00 per hour for work performed in 2016, $365.00 per hour for work performed in 2017, $377.00 per hour for work performed in 2018, $380.00 per hour for work performed in 2019, $395.00 per hour for work performed in 2020, and $420.00 per hour for work performed in 2021; and for Mr. Mike Milmoe, $464.00 per hour for work performed in 2019, and $484.00 per hour for work performed in 2020. These rates are consistent with what counsel has previously been awarded for their Vaccine Program work and shall be awarded herein. See, e.g., Culp v. Sec'y of Health & Human Servs., No. 18-1315V, 2020 WL 4199040, at *2 (Fed. Cl. Spec. Mstr. Apr. 24, 2020).

B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing records and the billed hours are largely reasonable. However, there is a general issue of vagueness throughout many of the descriptions of work. Examples include the following billing entries: on August 22, 2017, Ms. Durant billed 2.5 hours to "Review/analyze medical records and documents obtained from client." Fees App. Ex. 1 at 2. It would be helpful to the undersigned if the billing entry described which particular records and documents were being reviewed. On May 4, 2018, Ms. Durant billed 2.0 hours to "Review files and materials. Obtain and evaluate

documents/papers and records (new) Coordinate with MM." Again, it would be helpful if Ms. Durant provided some indication as to the nature of what she was reviewing in order for the undersigned to determine whether 2.0 hours was a reasonable amount of time to expend on that review or whether it was sufficiently complicated to require the assistance of another attorney. On June 6, 2019, Ms. Durant billed 2.5 hours to "Obtain and review evidence (factual and medical). Review filings and evaluate documents. Prepare documents for filing."

The issue of vagueness also extends to entries for communication with petitioner. As the Federal Circuit has previously ruled, disclosure of the general subject matter of billing statements does not violate attorney-client privilege and billing entries for communication should contain some indication as to the nature and purpose of the communication. See Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011). In the instant case, several billing entries concerning communication do not contain any indication of the topic of that communication, (e.g., multiple entries billed for 0.4 hours for "client call") making it difficult for the undersigned to determine whether such communication was necessary and reasonable. Other communication entries contain slightly more information but still are still vague overall (e.g., "Client call. Provide litigation update" or "Client call. Respond to questions."). All those descriptions provide is an indication that case work was the subject to the communication. Entries describing with greater specificity the topic of discussion would make it easier for the undersigned to assess whether the amount of time spent on the topic of the communication was reasonable and necessary. Taken as a whole, the undersigned finds that the amount of communication with petitioner appears slightly excessive and insufficiently documented.

Accordingly, the undersigned finds that a five percent reduction to the attorneys' fees is necessary to achieve "rough justice.' See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). However, the undersigned notes that in future cases in which these same issues arise, the reduction will increase to reflect both a reduction of inappropriately billed time billed and a deterrent aspect to offset the increased use of judicial resources necessary to address these repetitive issues. See, e.g., Burgos v. Sec'y of Health & Human Servs., No.16-903V, 2022 WL 1055355, at *3 (Fed. Cl. Spec. Mstr. Mar. 15, 2022).

Accordingly, petitioner is awarded final attorneys' fees of $78,428.49.

C.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $8,877.94 in attorneys' costs. This amount is for acquisition of medical records, professional review of those records, the Court's filing fee, postage, and work performed by petitioner's medical expert, Dr. Lesley Anderson. Fees App. Ex. 2, at 2.

Dr. Anderson is a board-certified orthopedic surgeon who specializes in arthroscopy and surgery of the knee and shoulder. Since 1985, Dr. Anderson has maintained her own private practice in San Francisco, California. Specifically on the subject of SIRVA, Dr. Anderson has developed a lecture which she has presented at various hospitals in California. In this case, Dr. Anderson billed a total of 9.5 hours at $500.00 per hour to review medical records and prepare two expert reports. Other special masters have previously awarded orthopedists who perform expert work in the program $500.00 per hour. See, e.g., Quantie v. Sec'y of Health & Human Servs., No. 18-610V, 2022 WL 1412459, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2022) (awarding Dr. Marko Bodor $500.00 per hour); Johnson v. Sec'y of Health & Human Servs., No. 17-059V, 2020 WL 7869159, at *4 (Fed. Cl. Spec. Mstr. Nov. 24, 2020) (same). Although Dr. Anderson does not have the same level of demonstrated Vaccine Program specific experience, the undersigned finds that $500.00 per hour is reasonable given the quality of her work in this case and her credentials (including her specialized interest in SIRVA). The hours billed are also reasonable, and the full amount for Dr. Anderson's work shall be awarded.

Petitioner has provided adequate documentation supporting the remainder of the requested costs and they appear reasonable in the undersigned's experience. Petitioner is therefore awarded $8,877.94 in attorneys' costs and $31.55 in petitioner's costs.

D.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards the following:

1) a total of **$87,306.43** (representing $78,428.49 in attorneys' fees and $8,877.94 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and Ms. Leah Durant; and

5

2) a total of **$31.55** as a lump sum in the form of a check payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.